IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO PORTS AUTHORITY,<br><br>    Petitioner<br><br>    v.<br><br>CARNIVAL CORPORATION,<br><br>    Respondent | CIVIL NO. 07-1937 (JP) |

**OPINION AND ORDER**

Before the Court is Respondent Carnival Corporation's ("Carnival") motion to dismiss (**No. 4**), Petitioner Puerto Rico Ports Authority's ("PRPA") opposition thereto (No. 18), and Carnival's reply brief (No. 24). This action involves a dispute over an arbitration award that was entered in Respondent Carnival's favor. Carnival moves to dismiss the lawsuit on the ground that an action involving the same controversy was previously filed in the United States District Court for the Southern District of Florida. For the reasons stated herein, Carnival's motion to dismiss is hereby **DENIED**. This action is hereby **STAYED** pending the resolution of the first-filed action in the Southern District of Florida.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 7, 2001, the parties hereto entered into a Pier and Terminal Usage Agreement (the "Agreement"). Said Agreement contained a provision prohibiting PRPA from increasing its fees charged to Carnival by more than two percent during any twelve month period.

CIVIL NO. 07-1937 (JP)            -2-

The Agreement further provided for arbitration of disputes in San Juan, Puerto Rico, and stated that any arbitration would be "governed by, and construed and enforced in accordance with the laws of the Commonwealth of Puerto Rico, without giving effect to the choice of law provisions thereof." No. 7, Ex. 3. On August 3, 2004, Carnival filed a demand for arbitration, claiming that PRPA breached the Agreement regarding the fee provision. The matter was submitted to arbitration before the International Center for Dispute Resolution, a division of the American Arbitration Association ("AAA"). An arbitration hearing was held in July 2006. On July 9, 2007, the AAA panel issued an award in favor of Carnival.

On July 18, 2007, Carnival filed a Petition for Confirmation of Arbitration Award before the United States District Court for the Southern District of Florida. Civil No. 07-mc-21850 (DLG). PRPA responded to Carnival's petition by filing a motion to dismiss for want of personal jurisdiction, also arguing that PRPA is immune from suit under the Eleventh Amendment to the United States Constitution. On September 27, 2007, PRPA filed its Petition to Vacate the Arbitration Award before the Puerto Rico Commonwealth Court of First Instance, San Juan Part. Carnival removed the state lawsuit to this Court on the same date.

## II. **ANALYSIS**

Respondent Carnival moves to dismiss the complaint on the ground that an action involving identical issues was first filed in the

CIVIL NO. 07-1937 (JP)            -3-

Southern District of Florida.  The United States Court of Appeals for the First Circuit has held that where the overlap between two lawsuits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer.  TPM Holdings v. Intra-Gold Indus., 91 F.3d 1, 4 (1st Cir. N.H. 1996), citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985); see also Bracero v. New Tree Pers. Servs., 441 F. Supp. 2d 358, 363 (D.P.R. 2006) (holding that the choice of forum depends upon the order in which the district court obtained jurisdiction).  Under the first-filed rule, absent evidence of rare or extraordinary circumstances, un-equitable conduct, bad faith, or forum-shopping, the second complaint filed should be held in abeyance pending the disposition of the claims that were filed first.  See Bayer AG v. Biovail Lab., 35 F. Supp. 2d 192, 193 (D.P.R. 1999).

Here, the parties do not dispute that the events giving rise to the lawsuit in the Southern District of Florida are identical to those of the action before this Court.  It is also undisputed that the Florida lawsuit was filed first.  However, Petitioner PRPA argues that the instant lawsuit should not be dismissed until jurisdiction is established in the Southern District of Florida.

On September 15, 2008, Respondent Carnival informed the Court of the status of the pending litigation in the Southern District of Florida (No. 51).  In the Florida action, PRPA filed a motion for

CIVIL NO. 07-1937 (JP)          -4-

dismissal in August 2007, alleging lack of jurisdiction.  This issue was briefed by both parties, as was Carnival's request to conduct limited jurisdictional discovery.  PRPA later filed a motion for leave to file supplemental authority, and Carnival then sought leave to file an opposition thereto.  In essence, while the issues have been thoroughly briefed by both parties, the Southern District of Florida has not resolved the threshold jurisdictional issue raised by PRPA.  Therefore, the Court hereby **STAYS** the proceedings before the undersigned until the issue of jurisdiction has been resolved by the Southern District of Florida.  Respondent Carnival is hereby **ORDERED** to notify the Court within five days from the entry of the Southern District of Florida's resolution of PRPA's motion to dismiss.

### III. CONCLUSION

Respondent Carnival's motion to dismiss is denied.  The proceedings are stayed pending resolution of the jurisdictional issue before the Southern District of Florida.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of September, 2008.

                                     s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                             U.S. SENIOR DISTRICT JUDGE